## 31251. DUNN v. THIGPEN.

DECIDED JUNE 6, 1946.

*Al Hatcher, E. P. Johnston,* for plaintiff.
*Nelson & Nelson,* for defendant.

FELTON, J. C. L. Dunn, trading as Davis & Dunn Stables, instituted an action of trover against Lamar Thigpen. The jury found in favor of the defendant, and the plaintiff excepts to the overruling of his motion for a new trial.

■ Although in sharp conflict, the evidence authorized the verdict. On March 14, 1944, the plaintiff sold one black mare mule four years old to C. K. Beacham by a retention of title contract, which was not recorded until June 29, 1944. There was testimony that this mule was in the possession of C. K. Beacham in October and November, 1944, and was in the possession of the defendant in 1945. The defendant testified that in May, 1944, he bought a mule from C. K. Beacham, but that it was not the mule sold by the plaintiff to Beacham; that the one he bought from Beacham was a brown or mouse-colored mule. C. K. Beacham testified: "The mule I sold to Mr. Thigpen was not a black mare mule. . . The mule I bought from Davis & Dunn died. . ."

I sold the mule in May, 1944, to Mr. Thigpen." There was other evidence, but the above sufficiently shows the conflict. The jury was authorized to find either that Beacham sold the defendant only one mule and that it was not the mule sold by the plaintiff to Beacham, or that, if it was, it was sold by Beacham to the defendant before the contract was recorded. What is here ruled answers the contentions that the evidence demanded a verdict for the plaintiff, and that the court erred in charging the jury that they would be authorized to find for the defendant in the event they believed that the mule bought by the defendant from Beacham was the same mule bought by Beacham from the plaintiff, and that the sale took place before the plaintiff's retention of title contract was recorded.

■ Without considering other reasons why the second ground of the amended motion might lack merit, the court bases its ruling on only one ground. C. L. Dunn made an affidavit that, while his counsel was arguing the case to the jury, the defendant stated to him that he was sorry he had made a mistake in his testimony; that it was May, 1945, when he bought a mule from C. K. Beacham instead of May, 1944; and that he stated the same thing after the verdict. No reason was given by the plaintiff as to why he did not call the matter to the attention of his attorney before the case was submitted to the jury. The statement in the affidavit of the attorney, to the effect that C. L. Dunn thought that the case was closed and that nothing could be done about it, is on its face a conclusion, and if based on what Dunn told him is hearsay.

It was not error to overrule the motion for new trial.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*